**In re Harvey M. SESLOWSKY, and Helen Seslowsky, Debtors.**

**Bankruptcy No. 91–13250–BKC–AJC.**

United States Bankruptcy Court, S.D. Florida.

Nov. 29, 1991.

William Stalions, Fort Lauderdale, Fla., for debtors.

Arthur Weitzner, Miami, Fla., for Trustee.

### ORDER ON TRUSTEE'S AMENDED OBJECTION TO CLAIMS OF EXEMPTION

A. JAY CRISTOL, Bankruptcy Judge.

THIS MATTER having come before the Court for hearing on Tuesday, November 5, 1991, for consideration of the Trustee's Amended Objection to Claims of Exemption; the Court having heard the arguments of counsel and being otherwise fully advised in the premises, it is hereby

ORDERED AND ADJUDGED as follows:

1. The Trustee has objected to the inclusion by the Debtors of the sum of $1,020. in the Debtors' bank account as wages, in that said sum represents a tax refund paid to the Debtors immediately before the petition was filed, and does not qualify for exemption as wages. The Debtors concede these facts as true and agree that the amount of $1,020. representing the tax refund is not exempt as wages and can only be exempted as part of the Debtors' general $2,000. exemption.

2. As a result of the denial of exemption set forth above, the Debtors are required to recalculate their exemptions. Both counsel agree that the subject of non-exempt assets subject to the estate will likely be amicably resolved. The Court therefore defers ruling on this issue to permit the parties to complete negotiations currently underway.

3. The remaining issue concerning exemptions that this Court must address is the objection of the Trustee to the claim of exemption of the Pension Plan from Employment at NVC by Harvey Seslowsky. The Trustee objects to the claim of exemption on the grounds that the statute that establishes the exemption, Florida Statute

§ 222.21(2)(a), is void as a matter of law because it is pre-empted by 29 U.S.C. § 1144. In support of its position, the Trustee cites *Mackey v. Lanier Collection Agency & Service, Inc.*, 486 U.S. 825, 108 S.Ct. 2182, 100 L.Ed.2d 836 (1988) and *Ingersoll–Rand Company v. McClendon*, —— U.S. ——, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990).

The Trustee's argument has been previously raised before this Court. In *In re Suarez*, 127 B.R. 73 (Bkrtcy S.D.Fla.1991), this Court held that the Florida Statute is not in conflict with ERISA and therefore, not void. This view has been equally expressed by Chief Judge Sidney M. Weaver in *In re Joel I. Kimmel*, 131 B.R. 223 (Bkrtcy S.D.Fla.1991).

The Trustee, through counsel, has argued that despite the above-referenced cases, this Court should re-evaluate its decision in *Suarez* in light of the *Ingersoll–Rand* decision which holds that the doctrine of pre-emption is not precluded simply because state law is consistent with ERISA. In *Ingersoll–Rand*, Mr. McClendon claimed that the employer wrongfully terminated him because of the employer's desire to avoid contributing to the employee's pension fund. The Supreme Court observed that in the case before it they were not dealing with a generally applicable statute that functions irrespective of the existence of an ERISA plan. The cause of action related not merely to pension benefits, but to the essence of the pension plan itself.

The Supreme Court cites to *Mackey* in recognition of limits to ERISA's preemption clause. "In *Mackey* the Court held that ERISA did not pre-empt a State's general garnishment statute, even though it was applied to collect judgments against plan participants." *Ingersoll–Rand* 111 S.Ct. at 483.

*Ingersoll–Rand* is not inconsistent with *Suarez* and *Kimmel* in that Fla.Stat. Section 222.21(2)(a) does not attempt to regulate any matters dealing with the "internal" functions of ERISA. The holding of *Ingersoll–Rand* reversed the decision of the state Supreme Court which established an exception to the employment-at-will doctrine. The Supreme Court in *Ingersoll–Rand* determined that such an exception was not necessary since ERISA provided an adequate cause of action and any attempt to establish a state cause of action would be inconsistent with established ERISA law and should be pre-empted in favor of the unified approach offered by ERISA.

This Court, after a full review of *Ingersoll–Rand*, is not convinced that the position expressed herein is inconsistent with *Suarez*. See also *Heitkamp v. Dyke (In the Matter of Dyke)*, 943 F.2d 1435 (5th Cir.1991) and *Pitrat et al. v. Garlikov (In re Garlikov)*, 947 F.2d 419 (9th Cir.1991). Accordingly, this Court will follow the prior decisions in *Suarez* and *Kimmel*, as well as the cases cited therein. It is hereupon

ORDERED that the Trustee's Objection to the Debtors' Claim of Exemption on the on the basis of Fla.Stat. § 222.21 is OVERRULED.

DONE AND ORDERED.